We're switching technologies now, and we have Medtronic v. Teleflex Life Sciences, 2022, 1605, and 1606. Ms. Ahmadi, when you're ready. May it please the Court, Brittany Ahmadi on behalf of Medtronic. There's no dispute that Comptos disposes each and every step presided in Claim 1 of the 413 patent. The Board nonetheless found the challenge claims patentable because Comptos disclosed a single step, Step 1F, out of order. However, the claims do not require Step 1F to be performed in the recited order, and even if they did, the prior art rendered the performance of that step in the recited order obvious in any event. How about Step 1F, which means inserting the device into and through the continuous lumen alongside of the substantially rigid portion, which strongly suggests that that ladder is already there, so it's sequential. Your Honor, the alongside the substantially rigid portion, we agree, requires the interventional cardiology device to be inserted into the guide catheter alongside the substantially rigid portion. However, that doesn't preclude them being inserted simultaneously into the guide catheter. You can have the interventional cardiology device inside of the coaxial guide catheter, and both of those components being inserted together alongside each other into the standard guide catheter, and that would satisfy the claim. That's turning over the body. Yes, Your Honor, that's correct. And so, Your Honor, with respect to the claim language, the key issue here is whether or not the claims require the interventional cardiology device being inserted. Isn't it strange, though, that the claim calls for inserting the ICD alongside the substantially rigid portion of the coaxial guide catheter? I mean, I would think you would be in possibly better ground if it was inserting the ICD alongside the very, you know, distal end or the flexible tip portion of the coaxial guide catheter. But instead, you're inserting it alongside kind of the back part of the coaxial catheter, the substantially rigid portion. So if we were to agree with you, that would necessarily suggest you've already inserted the flexible tip portion of the coaxial guide catheter into the standard guide catheter, and now as the substantially rigid portion back part of the coaxial guide catheter is being inserted, then you at the same time simultaneously insert the ICD. That's how I read the claim language if I were to agree with your understanding of how the steps would be ordered. Your Honor, I respectfully disagree. I said a lot of words. Did you even follow what I said? I believe so, Your Honor. Okay. So that sounds, I don't know, very peculiar to actually perform this type of operation in that manner. So why, even if I were to agree with you that these could be done simultaneously, we're still not in a situation that is very strange? Your Honor, the claim just requires that the interventional device be inserted alongside the substantially rigid portion. It can be inserted, both of those portions can be inserted into the guide catheter at the same time. It doesn't preclude that, and I think what's notable here is had the applicant wanted to claim a claim limitation where it requires sequential insertion of each component, it could have done that, and in fact, it did do that in the claims of the 116 patent. But I guess don't you want us to believe that this claim is open enough that you're inserting the ICD at the same time you're inserting the flexible tip portion of the coaxial guide catheter? They're both being inserted at the same time. The flexible tip portion and the substantially rigid portion are connected to each other. Yes, I know that, but in terms of timing, in terms of insertion of these two instruments into the standard guide catheter, you would want them to be both inserted at the same time. They could be inserted at the same time. The beginning pieces of both of those tools are being inserted at the same time into the larger standard guide catheter. They could be inserted at the same time as the flexible tip portion, or it could be inserted at the same time as the reinforced portion, which is in the middle, or it could be inserted at the same time as the substantially rigid portion. So long as it's inserted alongside the substantially rigid portion, that would meet the claim limitation. So in other words, it could be inserted, how far into the coaxial guide catheter is left open by the claim limitation. There's no restriction on that. So long as it's being, both components are being inserted into the standard guide catheter alongside the substantially rigid portion. Can I add, both sides are throwing around a lot of cases in terms of finding all the cases where they say you have to perform it in sequence and others that say you don't. Is there a case, I mean, in this case, as Judge Lori pointed out, you agree that all of the steps, one through, one A through, or one C through, one F, and a subpart, and then you divide one F into a subpart, and you say one of them has to be performed sequentially, and the other does not. That's kind of an odd thing. I mean, it's either makes sense in a way for it to be an all or nothing thing. Either the steps, one through F, are all sequential or they're not, right? Your Honor, in this court's altera decision, the court said that even where other steps are required to be performed in the recited order, in that case, I believe there's a limitation that said if X is done, then Y, that that fact did not mean that other recited steps had to be performed in the recited order. And here, where you have a limitation that does not, in the claim language overall, require it to be performed in a recited order, in contrast to other limitations where you have the distal end, the flexible tip portion, and the substantial. But it does have the words that Judge Chen was referring to, alongside. And so you interpret it. It doesn't clearly say that it doesn't have to be performed in order. It has alongside, and you choose to construe alongside to not requiring sequentially. And the other side says, no, alongside the most natural reading of that is that it is sequential, right? Well, I think the important thing to keep in mind is that this court has said in the altera case that unless the claim language requires it must be performed in a recited order, then there's a presumption that there's no order required. And there's nothing in the claim language that requires that particular step to be performed. Well, what about just the overall step F? I mean, we're looking at, it asks or requires the ICD to be inserted alongside first the substantially rigid portion. And then you advance the ICD through and beyond the lumen of the flexible tip portion. So when you read all of this together, I mean, it feels quite natural to think first that the entire coaxial guide catheter is already in, and it's in all the way. And then when you insert the ICD, you're of course going to be first inserting it alongside the substantially rigid portion. And then after that, you're going to be advancing that ICD through and beyond the flexible tip portion. And so just to me, it feels like the most natural reading is this last step is describing the journey of the ICD. You're first going to pass alongside the substantially rigid portion of the coaxial guide catheter. And then guess what? After that, you're going to go right on through the flexible tip portion and beyond. Pass the lesion, pass the lesion, which implies the fatality in the body. We would agree that advancing into contact with the lesion has to occur after the entire assembly is within the patient's body. But that doesn't require that the inserting step, and I think in cases like this court's Kanika case, where the court said where there's two active limitations, which we believe there are two active limitations within step 1F, inserting and advancing, if those are two active steps, then they have to be looked at as individual active steps in the method. And here, there's nothing in the claims that requires inserting to occur after the coaxial guide catheter has been inserted. And I think these claims are in contrast to, for example, claim 25 of the 116 patent that issued in the next appeal, where the applicant expressly stated that the insertion takes place while maintaining the distal end of the guide extension catheter positioned beyond the distal end of the guide catheter. There's no similar language here, and so we believe that the claims are properly construed in accordance with this court's case law not to require a recited order. But even if this court were to require an order, the claims nonetheless are unpatentable over the Contos reference. Teleflux concedes in its red brief at page 39 that there's no dispute that Contos discloses inserting a coaxial guide catheter first before inserting the cardiology device. And there's no real dispute that Contos also discloses advancing the coaxial guide catheter before advancing the cardiology device. But there's some confusion on Contos, right, in this case, because of the citations that you have in the petition and the references to Contos, and the ones you're using here, and you say that difference doesn't matter, but I'm not clear why it wouldn't matter if you were relying on portions of Contos flow and relying on different portions elsewhere. Doesn't it matter? Well, I think what's important here is, the question here is whether, with Contos clearly teaching inserting, and there's no dispute that we pointed to that language in column seven of Contos, inserting first, we have our expert's testimony, which was unrebutted, that when a physician inserts the coaxial guide catheter before inserting the interventional cardiology device, then the physician would advance it first as well. The real question here- But does Contos teach advancing the distal portion of its coaxial guide catheter beyond the distal end of its standard guide catheter before you insert the ICD? So Contos teaches inserting first, and it also teaches- I know, but I have a more specific question. Let me repeat it again. Part of the claim absolutely requires that the distal end of the coaxial guide catheter not only be inserted before the ICD, but also be inserted beyond the distal end of the standard guide catheter before the ICD gets inserted. And so my question is, does Contos teach that? Contos does not- My understanding is Contos teaches its coaxial guide catheter to be inserted all the way up until the end, the distal end of the standard guide catheter, but it doesn't go beyond the distal end of the standard guide catheter. Can you clarify for me whether it goes beyond the distal end of the standard guide catheter? The interventional cardiology device? No, its respective coaxial guide catheter. Contos does teach inserting and advancing the coaxial guide catheter beyond the- If you take a look at- Beyond the distal end of the standard guide catheter. Correct. Before you insert the ICD. It does not expressly teach inserting the coaxial guide catheter and advancing it beyond the distal tip before inserting the ICD. However, Dr. Brecker testified, and it was unrebutted, that a skilled artisan inserting first would also advance first. And it really comes down to, if you're a physician, and you're inserting first, which Contos does expressly teach, are you going to insert and stop right at the edge or the distal end of the standard guide catheter, then insert the interventional device, then advance them together? Or are you going to insert and advance before you insert the cardiology device? And our expert, a physician, testified that physicians would do the latter. And so the real question here is, if you have inserting first, advancing first, both expressly taught in the Contos reference, whether a skilled artisan would insert and advance first? And Dr. Brecker testified, and that was unrebutted, that a skilled artisan would do so. Can I just ask you one quick housekeeping question? I think both sides cited as related cases two pending district court cases. Do you happen to know how they'll be affected by this appeal? Yes, Your Honor. So both this patent and the next patent are both asserted in the district court case, I believe, claims one, four, and 13. And that case is ongoing. Thank you. I'll reserve the remainder of my time. We'll give you two minutes for a vote. Thank you, Your Honor. Mr. Lott? Can I come up to you, Your Honor, directly? Lott, yes. Thank you, Judge Lurie. May it please the court. I'll just start where we left off with the Contos obviousness case. I think the critical point is the one that Ms. Amati agreed to your question, Judge Chen, which is that Contos doesn't teach inserting, advancing all the way to the end of the guide catheter, and then inserting the treatment device. You have to put two different pieces of Contos together. You have, there would have to be a motivation to modify Contos to do that that way. And not only did the board not find such motivation, but that wasn't even Medtronic's argument below. If you look at page... The other side just argued there's unrebutted testimony from their expert saying that it'd be an obvious thing to do. That's not correct. The statement in question is at page 14167 of the appendix. This is for Dr. Brecker's declaration below. Did you say 14167? Yes, it's in the second volume of the appendix. No, sorry, at the end of the first one. It's on the volume two. This is all the Contos-Adams discussion. That's right, that's what there was in Dr. Brecker's testimony in the records below. Part of the confusion here is that Medtronic was focusing on its claim construction argument, saying that the steps don't have to be performed in order. And if their construction holds, then Contos anticipates at least claim one. But when it came to obviousness, they said, well, Contos either teaches this limitation or it would have been obvious in combination of Contos and Adams. There was no Contos plus Contos combination, so to speak. So you don't see that in paragraphs 202 or 203 or 204 of Dr. Brecker's testimony. And I would just also note that paragraph 204 seems to be talking about how physicians perform these procedures today, over a decade after the invention when devices are on the market. And devices like the Guideline or Teleflex's inventive device are being used to perform these procedures in practice. Well, let me ask you about, we didn't have time to ask your friend about this, but on the combination of Adams and Contos. Yes. I mean, the board just says it does, they have different fundamental purposes. I mean, the assertion in the petition was that they are directed to the same type of device, same field of endeavor, and reasonably be pertinent to the problem of the inventors of the 413. Isn't that sufficient? It's not, Your Honor. And I'll explain why. So the, first of all, the argument was that they solve the same problem in the same way, which is not the case. They solve different problems in different ways. And in particular, again, this is as a consequence of the- Do they need to, under the law? Do you have to solve the same, in order to establish a motivation to combine, do you need to solve the same problem in the same way? No, but that was Medtronic's argument, is my point. So the board was answering Medtronic's argument that they would be combined simply because they're both used in PCI procedures, for example. The combination falls apart when you think about it this way. Contos is about inserting a balloon catheter and using a little protective catheter around that to sort of reinforce and protect the balloon as it travels down the guide catheter and into the body. Adams has a completely different method, which is not even about inserting a balloon catheter in the first instance. It's to insert this guide seal to seal off an artery, stop the blood flow, and then put in a distal embolic protection device. So they're really apples and oranges was the board's point. And the board concluded, and there was substantial evidence for this, that there just was no motivation to combine, to, I should say, look to Adams to modify the order of steps in Contos. I'd like to speak a little bit about the claim construction issue, because I think that has the most consequences across the appeal. Judge Chen, I think you asked exactly the critical question, which is why would the patent say alongside the substantially rigid portion if what it really meant was that the interventional cardiology device could be inside the flexible tip portion? You wouldn't have chosen those words if you were the patentee and that was your meaning. Also in that case, as in Ito and in the Contos references, if you preloaded the interventional cardiology device into the lumen, which would be the flexible tip portion, it actually goes in before the substantially rigid portion. It's not even at the same time as. And moreover, this is a broader point, but alongside in this claim does not mean at the same time as. Again, if you were the patentee looking to claim simultaneous insertion, you would have said simultaneously with or at the same time as instead of saying alongside of. I guess the other side argument must be the claim is open, open to doing it in the sequence that's shown in the claim as well as doing things out of order or simultaneously. And so in that way, they're not trying to limit themselves to simultaneous insertion. I suppose that's right. Medtronic's not arguing that's the only interpretation. They're arguing that that is an interpretation. It's simply just unnatural. Like the logic and the grammar of the claims demonstrates that the steps are to be performed in order. Each of the steps one, D, E, and F sort of builds upon the last step. Why does it matter? I mean, as I asked your friend, even if the other limitations have to be performed in an order, why can't this one not be? And you're talking about the most natural reading. I don't know. Alongside could mean what they're saying it means, right, simultaneous? I think outside the context of this claim, alongside could mean simultaneous. But let me be a little bit more specific to use the language of the cases. The logic and grammar of the claims defies that interpretation. You have three key pieces of context, I think, from the claims. The first is the sort of antecedent basis. So step one, D, says that you're inserting a substantially rigid portion. That's the antecedent basis for the substantially rigid portion in the claim limitation that's in dispute. And step one, D, also says that the coaxial guide catheter is longer than the guide catheter, such that when you advance it in step one, E, even though the far end of the coaxial guide catheter is sticking out the far end of the guide catheter, the sort of rear end of the device is sticking out of the rear end of the hemostatic valve and actually outside the patient. And then one, F, follows directly on that and says you're inserting the cardiology device alongside the substantially rigid portion. When they're laid out in that order, the natural understanding of that is that each step is referring to the previous one. So that's one of three context clues. The second is the advancing step, which I think you asked about, Your Honor, Judge Lurie. The fact that inserting and advancing are in the same paragraph of the claim, effectively within one step, is a very good clue that the claim is talking about performing the inserting part after that coaxial guide catheter is already in place, because you can't do the advancing part of that step unless the coaxial guide catheter is already in place in the artery to be treated. And the final point I would raise here as a logic and grammar of the claims point, Your Honor, is the fact that the other steps are all in order. There are two cases that we cite in our briefs, the Altyris case, excuse me, the M formation case and Hytera communications. Both of those are cases from this court construing order of steps limitations. What about the case your friends cited? Altyris? So Altyris is a different case in that it's a computer method and there's a first sort of a testing step, and then there are two steps that say if the result of the testing step is X, do this, and if it's that, do that. But other than that, there was no indication that the claim steps have to be in order. So it is not, in every case, going to be an all or nothing proposition. You could have a claim like in Altyris where some steps naturally have to follow others, but as a whole, there are other parts of the method you can pick and choose. But if you look at M formation and Hytera communications, you'll see this court has in past cases relied on the fact that every other step in the claim is sequential to say, well, wouldn't it be odd if this one step was an outlier? And I think that's exactly what you would have here. I think Medtronic would agree, every step of the claim has to be performed in order, and in fact, even the second half of step one has to be performed in order, but just this one part can be done totally out of order. Anything further? Nothing further from me, Your Honor. I'll cede the rest of my time. Thank you. You are not out of order for offering the rest of your time. Ms. Amadi. Thank you, Your Honor. I'll just make three points in response. The first point is that under this court's decision in Altyris, you must look to the claim language to determine if as a matter of logic or grammar, the claim or each step must be performed in the order recited. And if there's nothing in the claim that requires it to be performed in the order recited or in the specification and if there's not, then the steps can be performed in any order. The second point that I'll make is in response to Mr. Loud's suggestion that there's an anticipation argument with respect to the Contos reference. That's incorrect. In the appendix APPX 14135, Medtronic argued that it was Contos plus the knowledge of an ordinary artisan and that APPX 18060 in paragraph 200, our expert Dr. Brecker explained that an ordinary artisan who was inserting first would advance first as well before inserting the interventional cardiology device. There were two bases of obviousness here, Contos plus an ordinary artisan's knowledge and Contos plus Adams. And with respect to the ordinary artisan's knowledge, there was no contrary expert testimony from the other side's expert that a skilled artisan who was inserting first as Contos expressly teaches and there's no dispute about that, would also advance first before inserting the interventional cardiology device. Mr. Loud showed us one piece of the JA which clearly is a Contos Adams combination for 103. What was the site for the other page that in your view shows this modified Contos alone? Yes, Your Honor. It's at APPX 14166 and that's paragraph 200 of Dr. Brecker's declaration. He stated that when a physician separately inserts an extension catheter and a therapy catheter. I'm sorry, where, oh, okay. It's in the second paragraph of the contract. Go ahead. Paragraph 200. He states when a physician separately inserts an extension catheter and a therapy catheter, they do so by extending this extension catheter distal to the guide catheter before inserting the therapy device. And this is all in the context of discussing Contos and an ordinary artisan's knowledge. And then later on, Dr. Brecker explains in paragraph 204 why a skilled artisan would do so and gives several reasons from the perspective of a physician, interventional cardiology physician, why they would do so. And that's laid out in paragraph 204. So we believe that testimony was unrebutted. There was no testimony on the other side explaining that a skilled artisan would not insert in advance. And in fact, it makes sense for a skilled artisan to do that because it's one motion, inserting and advancing, before doing a second motion as opposed to four separate steps in a surgery. And the last point I'll make is with respect to the Contos and Adams combination. Judge Pursuit asked about the particular intended purpose of Adams. Here, Medtronic was relying on Adams for the teaching of that sequential insertion and advancement. And it wasn't disputed that Adams taught that sequence of steps. And so there was no dispute that Adams was also using interventional cardiology procedures and taught the sequence of steps. And our expert explained, again, why a skilled artisan would perform the steps in that sequence if Contos did not suggest that to a skilled artisan on its own. Thank you very much.